IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SERGIO GOMEZ and SONIA GOMEZ,**

    **Plaintiffs,**

v.                                                                            **No. 22-cv-0442 SMV/GBW**

**FRANCIS WHOLESALE CO., INC.;**
**RALPH BURNETTE, JR.;**
**DANFREIGHT SYSTEMS, INC.; and**
**DANNY LEBOBOUS;**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on its review of the Notice of Removal [Doc. 1], filed by Defendant Francis Wholesale Co., Inc., on June 10, 2022. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal [Doc. 1], the underlying Complaint [Doc. 1] at 5–14, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice of Removal fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. Specifically, there is no allegation of the *citizenship* of the individual parties and no allegation of the principal places of business of the corporate parties. Further, citizenship must be alleged as of the relevant times, which are the time the original Complaint was filed and also the time the Notice of Removal was filed. The Court will grant leave to the removing Defendant Francis Wholesale to amend its Notice of Removal no later than **July 14, 2022**, if the necessary jurisdictional

allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On June 10, 2022, Defendant Francis Wholesale removed this action from state court, invoking diversity jurisdiction under 28 U.S.C. § 1332. [Doc. 1] at 1–2. The Notice asserts that there is complete diversity between Plaintiffs and Defendants and that the amount in controversy exceeds $75,000. *Id*. In support of its claim of diversity of citizenship, Defendant Francis Wholesale repeats assertions from Plaintiffs' Complaint: that Plaintiffs are "residents" of New Mexico; that Defendant Francis Wholesale is a South Carolina corporation; that Defendant Burnette "was a resident" of North Carolina; that Defendant Danfreight is a California corporation; and that Defendant Lebobous is a "resident" of Quebec, Canada. *Id.*

However, it makes no allegation of the corporate Defendants' principal places of business. *See* § 1332(c)(1). It makes no allegation of the *citizenships* of the individual parties; only residences are pleaded, which is insufficient. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). It also fails to allege the citizenship of the parties at the relevant times, i.e., the time of the filing of original Complaint and also the time of the filing of the Notice of Removal, both of which are required. *See Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021).

## LEGAL STANDARDS

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petrol. Corp.*, 248

2

F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).

District courts have original jurisdiction of civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a). "When diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court." *Woods*, 833 F. App'x at 757.

Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel*, 781 F.3d at 1238. Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business. § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are,

3

therefore, citizens of each and every state in which any member is a citizen. *Siloam Springs*, 781 F.3d at 1234.

## DISCUSSION

Here, the facts set forth in the Notice of Removal and in the Complaint do not sufficiently establish the citizenship of any party; further allegations are needed. To establish the citizenships of the corporate parties, Defendant Francis Wholesale must allege each corporate Defendant's principal place of business, not solely the states of incorporation. *See* § 1332(c)(1). It must allege the *citizenships* (as opposed to mere residences) of the individual parties. *See Siloam Springs Hotel*, 781 F.3d at 1238. Additionally, Defendant Francis Wholesale must allege the citizenships of the parties at the relevant times, i.e., the time of the filing of original Complaint and also the time of the filing of the Notice of Removal. *See Woods*, 833 F. App'x at 757. The Court will give Defendant Francis Wholesale the opportunity to file an amended notice of removal to properly allege the citizenship each and every party. *See generally* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300–02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Francis Wholesale is granted leave to amend its Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **July 14, 2022**.

**IT IS FURTHER ORDERED** that if Defendant Francis Wholesale fails to amend its Notice of Removal and otherwise fails to remedy the jurisdictional deficiencies by **July 14, 2022**, the Court may remand this action to state court without further notice.

    **IT IS SO ORDERED.**

                                                  **STEPHAN M. VIDMAR**
                                                **United States Magistrate Judge**