UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SERGIO GOMEZ and SONIA GOMEZ,**

    **Plaintiff,**

v.                                                             Case No. 2:22-cv-00442-JCH-GBW

**FRANCIS WHOLESALE CO., INC.,
RALPH BURNETTE, JR., DANFREIGHT
SYSTEMS INC., and DANNY LEBOBOUS,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court *sua sponte* to determine whether the Court has subject matter jurisdiction. Whether the jurisdictional amount required by 28 U.S.C. § 1332(a) is in controversy is unclear. The Court thus orders Defendant Francis Wholesale Co., Inc., to submit briefing that proves jurisdictional facts, by a preponderance of the evidence, to show that more than $75,000 is at stake.

**I.  Background**

Plaintiffs Sergio and Sonia Gomez originally alleged that they were in a three-vehicle accident with Defendants Ralph Burnette, Jr., and Danny Lebobous in March 2020. *See* Compl. 2 (ECF No. 1, at 6).[1] The Gomezes stated that Mr. Burnette was an employee or agent of Francis Wholesale and that Mr. Lebobous was an employee or agent of Danfreight Systems, Inc. *Id.*

On April 15, 2022, the Gomezes sued Mr. Burnette, Francis Wholesale, Mr. Lebobous, and Danfreight Systems in state court. *See id.* at 1 (ECF No. 1, at 5). The complaint is not specific. The statements of alleged damages are the same for each plaintiff. The full statements read,

---

[1] Discovery revealed that Alain Guillette drove the vehicle thought to be driven by Mr. Lebobous. Mr. Lebobous, in fact, was a passenger in Mr. Guillette's vehicle. *See* Mot. to File Am. Compl. 1 (ECF No. 27); Def.'s Ex. 2, at 8 (ECF No. 28) (crash report).

1

>As a direct and proximate result of Defendants' conduct, [Plaintiff Sergio Gomez/ Plaintiff Sonia Gomez] has been caused to suffer injuries and damages including, but not limited to the following:
>   a) Physical pain and suffering in the past;
>   b) Reasonable and necessary medical care and expenses in the past;
>   c) Physical impairment and disfigurement in the past; and
>   d) Lost wages; past and future.
>[Plaintiff Sergio Gomez/ Plaintiff Sonia Gomez] seeks compensation in whatever amount which the jury determines to be fair and reasonable, based on the evidence and within the jurisdictional limits of the Court.

*Id.* at 8, ¶¶ 27-30 (ECF No. 1, at 12).

On June 10, 2022, Francis Wholesale removed the case to federal court. *See* Notice of Removal 1 (ECF No. 1). Francis Wholesale's only statements about the amount in controversy were the following: "In their Complaint, Plaintiffs allege they suffered injuries and damages caused by the actions of the Defendants. Francis Wholesale Co., Inc. herein alleges, and has a good faith basis to believe that the amount in controversy exceeds $75,000, as set forth in 28 U.S.C. § 1441(b)(2)." *See id.* at 2, ¶¶ 7-8 (first citing Compl. 3, ¶ 12 (ECF No. 1, at 7); and then citing *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305-06 (D.N.M. 2001)).

Francis Wholesale asserted that diversity of citizenship existed based on the plaintiffs' and individual defendants' residences and the corporate defendants' states of incorporation. *See id.* at 1-2, ¶¶ 1-6. So Magistrate Judge Stephan Vidmar gave Francis Wholesale a chance to amend its notice of removal to specify citizenships and principal places of business at the relevant times. *See* Mem. Op. & Order 4 (ECF No. 6) (first citing 28 U.S.C. § 1332(c)(1) (specifying corporate citizenship is determined by state of incorporation *and* principal place of business); then citing *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (noting residency is not equivalent to citizenship); and then citing *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021) (noting relevant time for measuring diversity of citizenship)).

2

Francis Wholesale submitted its amended notice of removal. *See* Am. Notice of Removal 1 (ECF No. 7). The amended notice of removal corrected the jurisdictional errors highlighted by Judge Vidmar. *See id.* at 1-2, ¶¶ 3, 4, 6, 8, 10, 12. But the amended notice of removal did not supplement its statement of the amount in controversy. *See id.* at 2-3, ¶¶ 13-14. The Court, therefore, must address whether the amount in controversy is sufficient.

## II.   Discussion

Subject matter jurisdiction based on diversity of citizenship exists only if the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). If a state-court defendant seeks to remove a case and invoke a federal court's diversity jurisdiction, then the amount in controversy will typically be what the state-court plaintiff demands in the complaint. *See* 28 U.S.C. § 1446(c)(2). But in New Mexico, "[u]nless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount." Rule 1-008(A)(3) NMRA. And if state practice "does not permit demand for a specific some of money," § 1446(c)(2)(A)(ii), then the amount in controversy may come from the defendant's allegation in the notice of removal. § 1446(c)(2)(B).

If the removing defendant's amount-in-controversy allegation is "not contested by the plaintiff of questioned by the court," then the allegation should be accepted. *Dart Cherokee Basin Operations Co. v. Owens*, 574 U.S. 81, 87 (2014). But if "a defendant's assertion of the amount in controversy is challenged," then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

More to the point, once the amount in controversy is questioned, the removing defendant must prove jurisdictional facts by a preponderance of the evidence. *See McPhail*, 529 F.3d at 954. ("[W]hat the proponent of jurisdiction must 'prove' is contested factual assertions . . . [j]urisdiction itself is a legal conclusion, a *consequence* of facts rather than a provable 'fact'." (second and third alterations in original) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006))); *see also* 14AA Arthur R. Miller, *Federal Practice and Procedure (Wright & Miller)* § 3702.1, Westlaw (database updated Apr. 2022) ("[T]he removing defendant, not the state court plaintiff, has the initial burden of establishing the existence of federal subject matter jurisdiction since it is the party invoking that jurisdiction.").

*McPhail* provided a non-exhaustive list of ways for a removing defendant to meet its burden:

> by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

529 F.3d at 954 (alterations in original) (quoting *Meridian*, 441 F.3d at 541-42). Finally, if the removing defendant meets its burden, then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Id.* (quoting *Meridian*, 441 F.3d at 542 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938))).

The Court questions whether a sufficient amount is at stake. The complaint is silent on the type or extent of the Gomezes' physical pain and suffering. It does not describe the medical care that the Gomezes needed. It does not explain their physical impairment and disfigurement.[2] And it does not state the sum of the wages that the Gomezes lost.

---

[2] In fact, a New Mexico State Police accident report indicates that the Gomezes did not have any visible injuries despite complaining of injuries. *See* Def.'s Ex. 2, at 3 (ECF No. 28, at 8) (marking

As with the complaint, the notice of removal does not detail the amount in controversy. To stay in federal court, therefore, Francis Wholesale must prove jurisdictional facts by a preponderance of the evidence. To do so, Francis Wholesale might show—without admitting responsibility for—the types of injuries that the Gomezes suffered or the amount of wages that the Gomezes lost. Or Francis Wholesale might proffer the Gomezes settlement demands. These are, of course, just examples of what Francis Wholesale can do. But unless Francis Wholesale meets its burden to prove jurisdictional facts by a preponderance of the evidence, the Court cannot proceed.

### III. Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that

1. Defendant Francis Wholesale Co., Inc., is granted leave to serve and file a brief showing that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Defendant Francis Wholesale Co., Inc.'s brief is to be served and filed **within 14 calendar days of the entry of this Order**;

2. Plaintiffs Sergio and Sonia Gomez may serve and file a response to the brief submitted by Defendant Francis Wholesale Co., Inc., **within 14 calendar days after service of the brief**; and

3. Defendant Francis Wholesale Co., Inc., may serve and file a reply to the response **within 14 calendar days after service of the response**.

---

"C" for Gomezes' injury codes); *see also* N.M. Dep't of Transp., *Motor Vehicle Crash Coding Manual* 36-37 (2005), https://www.nhtsa.gov/document/new-mexico-crash-coding-manual-2005 (stating "C" means "Complaint of Injury – but none visible"). So too, the report indicates that medical transportation was unnecessary. *See id.* (marking "NO" for medical transportation).

**IT IS FURTHER ORDERED** that if Defendant Francis Wholesale fails to submit a brief showing a sufficient amount in controversy **within 14 calendar days of the entry of this Order**, then the Court may remand this action to state court without further notice.

_____
SENIOR UNITED STATES DISTRICT JUDGE