IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SERGIO GOMEZ and SONIA GOMEZ,**

    **Plaintiff,**

v.                                            Case No. 2:22-cv-00442-JCH-GBW

**FRANCIS WHOLESALE CO., INC.,
RALPH BURNETTE, JR., DANFREIGHT
SYSTEMS INC., and DANNY LEBOBOUS,**

    **Defendants.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Francis Wholesale Co., Inc.'s *Motion to Dismiss Defendant Ralph Burnette, Jr. (Deceased)* (ECF No. 20), and Sergio Gomez and Sonia Gomez's *Motion for Leave to File Amended Complaint* (ECF No. 27). Because both motions address the proper parties, the Court will consider the motions together.

**I.    Background**

Plaintiffs Sergio and Sonia Gomez originally alleged that they were in a three-vehicle accident with Defendants Ralph Burnette, Jr., and Danny Lebobous. *See* Compl. 2 (ECF No. 1, at 6). The Gomezes stated that Mr. Burnette was an employee or agent of Francis Wholesale Co., Inc., and that Mr. Lebobous was an employee or agent of Danfreight Systems, Inc. *See id.*

On April 15, 2022, the Gomezes sued Mr. Burnette, Francis Wholesale, Mr. Lebobous, Danfreight Systems in state court. *See id.* at 1 (ECF No. 1, at 5). On June 10, 2022, Francis Wholesale removed the case to federal court. *See* Notice of Removal 1 (ECF No. 1, at 1).

On June 14, 2022, Francis Wholesale's attorney filed a limited entry of appearance to file a Notice of Suggestion of Death of Mr. Burnette. *See* Mot. to File Am. Compl. 1 (ECF No. 27).

On July 11, 2022, Francis Wholesale served a Notice of Suggestion of Death on the Estate of Ralph Burnette, Jr., and Mr. Burnette's surviving widow, Kay Burnette. Kay Burnette signed a USPS return receipt that Francis Wholesale's attorney addressed to the Estate of Ralph Burnette. *See* Mot. to Dismiss Def. Burnette 1, 4 (ECF No. 20). The record is unclear whether the Gomezes' attorney saw the USPS receipt before November 2022.

On July 18, 2022, Francis Wholesale's attorney emailed the Gomezes' attorney to discuss Mr. Burnette's passing. *See* Mot. to File Am. Compl. 1 (ECF No. 27). (The Gomezes' motion cites an exhibit with this alleged email between Francis Wholesale's attorney and the Gomezes' attorney. The exhibit does not appear to be attached to the motion, however.)

In October 2022, Francis Wholesale's attorney provided initial disclosures to the Gomezes' attorney. The disclosures revealed that Alain Guillette drove the vehicle thought to be driven by Mr. Lebobous. Mr. Lebobous was, in fact, a passenger in Mr. Guillette's vehicle. *See* Mot. to File Am. Compl. 1 (ECF No. 27); Def.'s Ex. 2, at 8 (ECF No. 28) (crash report).

The Gomezes' attorney alleged that he called Francis Wholesale's attorney through October 20, 2022, asking about Mr. Burnette's Estate. The Gomezes' attorney contended that Francis Wholesale's attorney never disclosed whether the Estate existed. *See* Mot. to File Am. Compl. 1 (ECF No. 27).

On October 20, 2022, the parties appeared before Judge Gregory Wormuth at a Rule 16 Scheduling Conference. The Gomezes' attorney alleged that Judge Wormuth asked Francis Wholesale's attorney about Mr. Burnette's Estate and that Francis Wholesale's attorney did not disclose the Estate's existence. *See* Mot. to File Am. Compl. 2 (ECF No. 27). The clerk's minutes from the conference reveal that the Gomezes' attorney told Judge Wormuth that he planned to add the Estate as a party but that he was struggling to locate information about the executor. The

minutes do not corroborate whether Judge Wormuth asked Francis Wholesale's attorney about the Estate. *See* Mins. 2 (ECF No. 16).

The same day, the Gomezes' attorney allegedly emailed Francis Wholesale's attorney. According to the Gomezes' attorney, he asked for information about the Estate and whether Francis Wholesale's attorney opposed adding Mr. Guillette to the complaint. The Gomezes' attorney claimed that Francis Wholesale's attorney did not respond to this email. *See* Mot. to File Am. Compl. 2 (ECF No. 27). (The Gomezes' motion cites an exhibit with this email between Francis Wholesale's attorney and the Gomezes' attorney. The exhibit does not appear to be attached to the motion, however.)

On November 3, 2022, Francis Wholesale moved to dismiss Mr. Burnette. Attached to the motion is the USPS return receipt, addressed to the Estate of Ralph Burnette, that Kay Burnette signed on July 11, 2022. As grounds for dismissal, Francis Wholesale noted that ninety days had passed since Francis Wholesale served the Notice of Suggestion of Death on the Gomezes. And under Federal Rule of Civil Procedure 25, if a motion for substitution of a decedent's successor or representative "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1); *see also* Mot. to Dismiss Def. Burnette 1-2 (ECF No. 20).

The Gomezes did not respond to the motion to dismiss. Instead, on November 18, 2022, the Gomezes moved to amend their complaint. Although the Gomezes did not address Rule 25, they claimed that Francis Wholesale's attorney concealed the Estate. Because of this obstruction, the Gomezes contended that "justice so requires" the Court to permit leave to amend. *See* Fed. R. Civ. P. 15(a)(2); *see also* Mot. to File Am. Compl. 1 (ECF No. 27). The caption of the proposed amended complaint lists Francis Wholesale, Mr. Burnette, Danfreight Systems, Mr. Lebobous,

3

Mr. Guillette, the Estate of Mr. Burnette, and Kay Burnette as defendants. *See* Proposed Am. Compl. 1 (ECF No. 27-1).

On November 22, 2022, the Gomezes' attorney sent Francis Wholesale's attorney an email agreeing to the dismissal of Mr. Burnette. *See* Def.'s Ex. 1, at 1 (ECF No. 28, at 6). In an email dated December 5, 2022, the attorney for Danfreight Systems and Mr. Lebobous opposed the dismissal of Mr. Burnette without the substitution of Mr. Burnette's Estate. *See* Def.'s Ex. A, at 1 (ECF No. 30, at 7).

On December 1, 2022, Francis Wholesale responded to the Gomezes' motion to amend. Francis Wholesale claimed that the Gomezes erroneously assumed, based on the USPS return receipt, that Francis Wholesale's attorney had actual knowledge that Mr. Burnette's Estate existed and that Kay Burnette was its executor. Francis Wholesale denied having such knowledge. Def.'s Resp. 2 (ECF No. 28).

Francis Wholesale then argued that the Gomezes' motion to amend was moot given the stipulation to dismiss Mr. Burnette. *See id.* at 3. Francis Wholesale made other arguments too. It urged the Court to deny the motion to amend for undue delay—in particular, for delays in naming Mr. Guillette as the driver and for delays in adding the Estate and Kay Burnette as parties. *See id.* at 3-4. Francis Wholesale contended that the amended complaint was futile because the complaint maintained a claim against a passenger (Mr. Lebobous) in a case about negligent driving. *See id.* Francis Wholesale added that the negligent hiring and supervision claims against it were futile. *See id.* In support of these arguments, Francis Wholesale asserted that the amended complaint would not survive a motion to dismiss. *See id.* at 4.

On December 9, 2022, Francis Wholesale replied to its own motion to dismiss Mr. Burnette. *See* Def.'s Reply (ECF No. 30). Francis Wholesale highlighted that the Gomezes never

responded. *See id.* at 1. And Francis Wholesale attached a proposed order dismissing Mr. Burnette. *See* Def.'s Ex. B (ECF No. 30, at 9). The proposed order states that the parties stipulated to its entry—even though Danfreight Systems and Mr. Lebobous' attorney opposed the dismissal of Mr. Burnette without the substitution of his Estate. *See id.* ¶ 8 (ECF No. 30, at 10); Def.'s Ex. A, at 1 (ECF No. 30, at 7).

Finally, on December 20, 2022, Danfreight Systems and Mr. Lebobous responded to the Gomezes' motion to amend. They joined Francis Wholesale's opposition. In particular, they argued that maintaining a claim against a passenger, Mr. Lebobous, would render the amended complaint futile. *See* Def.'s Resp. 1-2 (ECF No. 33)

**II.   Discussion**

The Court bifurcates its analysis of the two pending motions (Francis Wholesale's motion to dismiss Mr. Burnette and the Gomezes' motion for leave to file an amended complaint). First, the Court will consider the two pending motions as they relate to the presence of Mr. Burnette, the Estate, and Kay Burnette in this lawsuit. Second, the Court will consider other arguments about the proposed amended complaint.

**A.   Mr. Burnette, the Estate, and Kay Burnette**

Federal Rule of Civil Procedure 25(a)(1) provides in full,

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Here, no party explicitly moved to substitute the Estate and Kay Burnette for Mr. Burnette. Taken together, however, the two motions amount to a substitution: Francis Wholesale's moved to dismiss Mr. Burnette, and the Gomezes included the Estate and Kay Burnette in their amended complaint. Upon granting both motions, therefore, the Court will effectuate a substitution. (The

Gomezes retained Mr. Burnette as a defendant in their amended complaint. Although the Court will grant the Gomezes leave to file their amended complaint, the Court will instruct the Gomezes to remove Mr. Burnette as a defendant and remove all claims against Mr. Burnette).

The ninety-day limit does not bar the Court from carrying out this substitution. To be sure, the use of "must" suggests that dismissal is mandatory when the motion for substitution is made ninety days after a notice of death. *See* Fed. R. Civ. P. 25(a)(1). But Federal Rule of Civil Procedure 6(b)(1)(B) gives the Court discretion to extend this time limit if a party failed to act because of excusable neglect. *See Lizarazo v. Mia.-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1011 (11th Cir. 2017) ("District courts have discretion to extend the Rule 25 ninety-day period for substitution."); *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017); *Kasting v. Am. Fam. Mut. Ins. Co.*, 196 F.R.D. 595, 601 (D. Kan. 2000).

Excusable neglect appears present here. The Gomezes described how their attorney repeatedly asked Francis Wholesale's attorney for information about the Estate. *See* Mot. to File Am. Compl. 1-2 (ECF No. 27). Even if Francis Wholesale's attorney did not have actual knowledge of the Estate, the attorney did have access to the USPS return receipt—a mailing that the attorney addressed to the Estate of Ralph Burnette and that Kay Burnette signed. Francis Wholesale eventually included this receipt in its motion filed in early November. And less than two weeks later, the Gomezes filed their proposed amended complaint.

What is more, there is no suggestion of prejudice to the current defendants if the Estate and Kay Burnette are added as defendants. To the contrary, defendants Danfreight Systems and Mr. Lebobous would not stipulate to the dismissal of Mr. Burnette without the inclusion of the Estate. Granting the Gomezes leave to file an amended complaint with the Estate and Kay Burnette as defendants is thus an appropriate use of the Court's discretion.

### B.     Remaining Arguments

Federal Rule of Civil Procedure 15(a)(2) establishes a permissive standard for amendments that are not made as a matter of course: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration in original) (quoting *Zenith Radio Corp. v. Hazeltine Rsch. Co.*, 401 U.S. 321, 330 (1971)).

Despite this permissive standard, some situations counsel for denying a motion to amend. A court should deny a motion to amend in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id. See generally* 6 Mary Kay Kane, *Federal Practice and Procedure (Wright & Miller)* § 1487, Westlaw (database updated Apr. 2022). The defendants' objections boil down to arguments of undue delay and futility. These arguments fail.

#### 1.     Undue Delay

In the Tenth Circuit, delay becomes "undue" when "the party filing the motion has no adequate explanation for the delay." *Minter*, 451 F.3d at 1206 (quoting *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). The *Minter* Court elaborated that a court should deny a motion to amend when a plaintiff seeks "to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' to present 'theories seriatim' in an effort to avoid dismissal, or to 'knowingly delay[ ] raising [an] issue until the 'eve of trial.'" (alterations in original) (first quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th

7

Cir. 1998); then quoting *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001); then quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994); and then quoting *Walters v. Monarch Life Ins. Co.*, 57 F.3d 899, 903 (10th Cir. 1995)).

These indicia of undue delay are not present. The Gomezes did not make the complaint a moving target or present a new theory of recovery. *Cf. Viernow*, 157 F.3d at 800. They filed their proposed amended complaint before receiving an adverse decision from this Court. *Cf. Hayes*, 264 F.3d at 1026. In fact, the Gomezes even met the magistrate judge's deadline for filing the proposed amended complaint. *See* Mins. 2 (ECF No. 16).

In short, the Gomezes did not learn that Mr. Guillette was a driver until October 2022. And they may have been unaware of the USPS receipt before November 2022. The Court thus finds that the Gomezes' November 2022 motion to amend did not constitute undue delay.

### 2. Futility

Francis Wholesale argued that the negligent hiring and supervision claims against it would be futile. In addition, Francis Wholesale, Danfreight Systems, and Mr. Lebobous all argued that maintaining a claim against a passenger (Mr. Lebobous) in a case about negligent driving would be futile. Finally, Francis Wholesale stressed that the proposed amended complaint would not survive a motion to dismiss.

These arguments are misplaced. If the Court grants the Gomezes' motion (after dismissing Mr. Burnette), then Francis Wholesale, the Estate of Mr. Burnette, Kay Burnette, Danfreight Systems, Mr. Lebobous, and Mr. Guillette will be defendants. If the Court denies the Gomezes' motion (after dismissing Mr. Burnette), then this litigation will continue with the original complaint—with only Francis Wholesale, Danfreight Systems, and Mr. Lebobous as defendants.

Said otherwise, the material difference between the current complaint and the proposed amended complaint is the addition of the Estate, Kay Burnette, and Mr. Guillette. But the defendants' futility arguments address the claims against *Francis Wholesale and Mr. Lebobous*. The defendants thus oppose the claims against the original defendants rather than the claims against the new defendants. As a result, the Court dismisses the defendants' futility arguments without prejudice.

Because the proposed amendments to the complaint are neither unduly tardy nor futile, the Court grants the Gomezes leave to amend (subject to the dismissal of Mr. Burnette).

### III. Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that

1. Francis Wholesale Co., Inc.'s *Motion to Dismiss Defendant Ralph Burnette, Jr. (Deceased)* (**ECF No. 20**) is **GRANTED**; and

2. Sergio Gomez and Sonia Gomez's *Motion for Leave to File Amended Complaint* (**ECF No. 27**) is **GRANTED IN PART AND DENIED IN PART**:

    a. Ralph Burnette, Jr., is to be dismissed as a defendant, and all claims against Ralph Burnette, Jr., are to be dismissed from *Plaintiff's First Amended Complaint for Personal Injury and Damages*; and

    b. Plaintiffs are to file *Plaintiff's First Amended Complaint for Personal Injury and Damages* on the docket within 5 working days of the entry of this Order.

SENIOR UNITED STATES DISTRICT JUDGE